UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVION DOTSON,<br>Plaintiff,<br>-against-<br>WESTCHESTER DEPT. OF CORRECTIONS,<br>Defendant. | 7:26-CV-6509 (JGLC)<br>**ORDER OF SERVICE** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Davion Dotson, who appears pro se and is currently held in the Westchester County Jail ("WCJ"), brings this action asserting claims of federal constitutional violations and seeking damages. He sues the Westchester County Department of Correction ("WCDOC"). The Court understands Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated August 10, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.[1] The Court directs service on the WCDOC and directs it to comply with Local Civil Rule 33.2. For the reasons set forth below, the Court adds unidentified "John Doe WCDOC Correction Officers" as Defendants in this action under Rule 21 of the Federal Rules of Civil Procedure and directs the Westchester County Attorney to provide to Plaintiff and the Court the full identities, badge numbers, and service addresses of those unidentified Defendants.

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Service on the WCDOC

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service on the WDOC.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the WCDOC through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for the WCDOC. The Clerk of Court is further instructed to issue a summons for the WCDOC and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint on the WCDOC.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on the WCDOC until the Court reviewed the Complaint and ordered that a summons be issued for the WCDOC. The Court therefore extends the time to serve the WCDOC until 90 days after the date that a summons for the WCDOC is issued. If a summons and the complaint are not served on the WCDOC within 90 days from the date that a summons for the WCDOC is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**B. Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of a summons and the complaint, the WCDOC must serve responses to these standard discovery requests. In its responses, the WCDOC must quote each request verbatim.[3]

**C. Rule 21 of the Federal Rules of Civil Procedure**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). This includes adding unidentified individual defendants. *See, e.g.*, *Koulibaly v. City of New York*, 25-CV-7989 (KPF), 2025 WL 3268881, at *2-3 (S.D.N.Y. Nov. 20, 2025). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the court's website, he may request them from the court's Pro Se Intake Unit.

other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff alleges that, on July 20, 2026, while he was held in the WCJ and handcuffed, unidentified WCDOC correction officers allowed another WCJ prisoner to assault him. ECF 1 at 4. Accordingly, because it seems that Plaintiff wanted to add these individual WCJ correction officers as Defendants but failed to do so, and in light of Plaintiff's pro se status, to Court directs the Clerk of Court to add, under Rule 21, unidentified "John Doe WCDOC Correction Officers" as Defendants in this action. The addition of these unidentified Defendants is without prejudice to any defenses that these Defendants may assert.

**D. Unidentified Defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the court in identifying unidentified defendants and ascertaining their service addresses. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the WCDOC to identify the unidentified Defendants. They include those WCDOC correction officers who, on July 20, 2026, transported Plaintiff to a holding cell (otherwise referred to as a "bullpen") in the "booking search" part of the WCJ and were present when another WCJ prisoner assaulted Plaintiff there. It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the WCDOC, must ascertain the full identities, badge numbers, and service addresses of the unidentified Defendants added to this action. The County Attorney must provide this information to Plaintiff and the Court by **December 14, 2026**.

By **January 15, 2027**, Plaintiff must file an amended complaint naming the newly identified individuals as Defendants and providing their badge numbers and service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an

amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified Defendants and directing that they comply with Local Civil Rule 33.2.

**A. City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil actions filed in this court. The clinic may be able to assist Plaintiff with filing an amended complaint. The clinic is operated by a private organization called the City Bar Justice Center (CBJC); it is not part of, or operated by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue a summons for Defendant "Westchester Dept. of Corrections"; (2) complete a USM-285 form with the service address of that Defendant; and (3) deliver all documents necessary to effect service of a summons and the complaint on that Defendant to the USMS.

The Court further directs that Defendant to comply with Local Civil Rule 33.2 within 120 days of the date of service of a summons and the complaint on it.

The Court additionally directs the Clerk of Court to add, as Defendants in this action, under Rule 21 of the Federal Rules of Civil Procedure, unidentified "John Doe WCDOC Correction Officers."

The Court directs the Clerk of Court to mail a copy of this Order and a copy of the Complaint to Plaintiff and also to the following address: Westchester County Attorney, 148 Martine Avenue, 6th Floor, White Plains, New York 10601.

An amended complaint form, pro se clinic flyer, and limited scope legal assistance retainer agreement are attached to this order.

SO ORDERED.

Dated: October 14, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR THE DEFENDANT**

Westchester County Department of Correction
10 Woods Road
Valhalla, New York 10595

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?

☐ Yes ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_______________________ _______________________

Dated Plaintiff's Signature

_______________________________________________

First Name Middle Initial Last Name

_______________________________________________

Prison Address

_______________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I. LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.
- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.
- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.
- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.
- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.
- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

______________________________ ____________________
Signature Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: ______________________ Date of Birth: ______________________

Facility: ______________________ Identification #______________________

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: ______________________________________________

**Do you already have an open case with the federal court? (circle one)** Yes No

**If yes, what is your case number?** ______________________________

**If yes, which courthouse is it in? (circle one)** Manhattan White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other:____________ |
| Native American | South Asian | |

**Gender?** ______________________________________

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

CITY BAR JUSTICE CENTER

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:________________) | Legal Permanent Resident

No lawful status | Decline to answer | Other:__________________

**Marital status? (circle one)**

Single | Married

Divorced | Separated

Widowed | Decline to answer

**Do you have a disability? (circle all that apply)**

No | Mental health | Vision

Hearing | Mobility | Memory

Homebound | Decline to answer | Other:__________________

**What is your primary language?** ____________________________________________

**LGBTQ+? (circle one)** Yes No Decline to answer

**Veteran?** ________________________________________________

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**